```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

RUBEN RODRIGUEZ,                      :
                                      :
     Plaintiff,                       :
                                      :
     v.                               :    CASE NO.3:13CV1195(DFM)
                                      :
CAROLYN W. COLVIN                     :
COMMISSIONER OF SOCIAL SECURITY,      :
                                      :
     Defendant.                       :
```

<u>RULING ON PENDING MOTIONS</u>

Plaintiff, Ruben Rodriguez, seeks judicial review of the final decision of the Commissioner of Social Security (the "Commissioner") denying his application for disability insurance benefits ("DIB").[1] Administrative Law Judge ("ALJ") James Kearns held a hearing on May 9, 2011, and determined that plaintiff was not disabled within the meaning of the Social Security Act.[2] (R.

---

[1] Plaintiff filed an application for DIB on September 27, 2010, alleging an onset date of July 25, 2010. (R. 152-53.) His application was denied initially and upon reconsideration. (R. 63-93.)

[2] The ALJ found at step one that plaintiff had no substantial gainful employment since his alleged onset date. (R. 12.) At step two, the ALJ found that plaintiff has the following severe impairments: sleep apnea, obesity, and a heart condition (cardiomyopathy, congestive heart failure, arrhythmias). (R. 13.) He found at step three that plaintiff's conditions did not meet or medically equal a listed impairment. (R. 14.) The ALJ determined that plaintiff retained the residual functional capacity ("RFC") "to perform sedentary work . . . except that he must avoid concentrated exposure to extreme heat and cold, wetness, humidity, fumes, odors, dust, gasses, poor ventilation and hazards, such as machinery and heights. In addition the claimant is limited to the performance of simple and routine tasks." (R. 14.) At step four, the ALJ determined that

1

10-20.)  Plaintiff timely appealed to this court.

Currently pending are plaintiff's motion to reverse the decision of the Commissioner (doc. #9) and defendant's motion to affirm the decision of the Commissioner. (Doc. #12.)  On November 9, 2015, pursuant to the court's scheduling order, counsel filed a joint stipulation of facts and medical chronology, which I incorporate by reference. (Doc. #14.)  I heard argument on May 24, 2016.  For the following reasons, plaintiff's motion is GRANTED and defendant's motion is DENIED.[3]

I.   Legal Standard

The standards for determining an individual's entitlement to DIB, the Commissioner's five-step framework for evaluating claims, and the district court's review of the final decision of the Commissioner are well-settled.  I am following those standards, but do not repeat them here.

II.   Discussion

Plaintiff argues that the ALJ "cherry picked" the medical source opinions that supported his residual functional capacity

---

plaintiff is unable to perform his past relevant work. (R. 18.) At step five, considering plaintiff's age, education, work experience, and RFC, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform. (R. 19.)  Plaintiff appealed the ALJ's decision to the Appeals Council, which denied his request for review on June 27, 2013. (R. 1-3.)

[3]This is not a recommended ruling.  On January 6, 2016, the parties consented to the jurisdiction of the undersigned magistrate judge. (Doc. #17.)  See 28 U.S.C. § 636(c); Fed.R.Civ.P. 73(b).

2

("RFC") determination and ignored those that detracted from it and thus, his decision is not supported by substantial evidence. I agree.

The term "cherry picking" generally refers to "improperly crediting evidence that supports findings while ignoring conflicting evidence from the same source . . . . The fundamental deficiency involved with 'cherry picking' is that it suggests a serious misreading of evidence, or failure to comply with the requirement that all evidence be taken into account, or both . . . ." Dowling v. Comm'r of Soc. Sec., No. 5:14-CV-0786 (GTS)(ESH), 2015 WL 5512408, at *11 (N.D.N.Y. Sept. 15, 2015) (citations omitted).

Here, the ALJ assigned different levels of weight to the several opinions of plaintiff's treating cardiologist, Dr. Steven Horowitz. He credited Dr. Horowitz's August, September, and November 2010 opinions that plaintiff could return to work as long as he did not perform extensive manual labor (R. 391, 395, 427), but gave only "partial weight" to Dr. Horowitz's more recent October 2011 assessment of greater limitations. (R. 958-61.) In his October 2011 report, Dr. Horowitz indicated that plaintiff would be off task 25% of the day; would be absent from work four days a month; and would need to elevate his legs 80% of the time while seated. (R. 958-61.) In dismissing these opinions, the ALJ state merely that "[t]he medical evidence of

3

record provides some support for the opinion, but some of the findings are not supported." (R. 18.)  The only additional explanation the ALJ gave for this assignment of weight was that plaintiff did "not mention in any of his disability reports or in his testimony that he elevates his legs while at home." (R. 18.)

The record is replete with evidence that supports Dr. Horowitz's assessment.  Plaintiff testified that at work, he has anxiety, panic attacks, and irritability that contribute to being off-task. (R. 53-54.)  Dr. Horowitz's treatment notes starting in March 2011 repeatedly indicate that plaintiff is unable to work more than three or four hours a day due to severe fatigue. (R. 606-09, 917-20, 947-50, 952-56, 964-68.)  The evidence also supports Dr. Horowitz's opinion that plaintiff would miss more than four days of work a month.  Plaintiff testified that in his current part-time job,[4] at which he works four hours a day, three to five days a week, he misses a scheduled shift once or twice a week. (R. 51.)  Plaintiff's absence report reveals that from July 1, 2011 to December 31,

---

[4]The ALJ found that plaintiff's current part-time work does not rise to the level of substantial gainful activity that would preclude a finding of disability. (R. 12.)  Substantial gainful activity is "work activity that is both substantial and gainful."  20 C.F.R. § 404.1572.  Work activity is "substantial" if it "involves doing significant physical or mental activities," and is "gainful" if it is "the kind of work usually done for pay or profit . . . whether or not a profit is realized." Id.

4

2011, he missed 35 days of work, ranging from three to ten days a month. (R. 291-92.)  The ALJ's decision is silent as to this evidence.  This cherry picking is especially troubling in light of the vocational expert's testimony that were plaintiff to miss one day of work a week, it would eliminate all employment. (R. 61.)

"It is grounds for remand for the ALJ to ignore parts of the record that are probative of the claimant's disability claim."  Sutherland v. Barnhart, 322 F. Supp. 2d 282, 289 (E.D.N.Y. 2004); see also Raymer v. Colvin, No. 14-CV-6009P, 2015 WL 5032669, at *6 (W.D.N.Y. Aug. 25, 2015) ("Remand is especially appropriate where, as here, the ALJ gave [physician's] opinion 'considerable weight,' but failed to provide an explanation for not incorporating into the RFC some of the limitations identified in that opinion--particularly those that would lead to a finding of disability."); Ardito v. Barnhart, No. 3:04-CV-1633(MRK), 2006 WL 1662890, at *5 (D. Conn. May 25, 2006) (ALJ erred when he "cherry-picked out of the record those aspects of the physicians' reports that favored his preferred conclusion and ignored all unfavorable aspects, without explaining his choices, let alone basing them on evidence in the record.").  In light of the foregoing, I need not reach the merits of plaintiff's remaining arguments.

5

III. Conclusion

For the foregoing reasons, plaintiff's motion (doc. #9) is GRANTED and defendant's motion (doc. #12) is DENIED.

This is not a recommended ruling.  The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure.  Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. See 28 U.S.C. § 636(c)(3); Fed.R.Civ.P. 73(c).

SO ORDERED at Hartford, Connecticut this 25th day of May, 2016.

                                                         _____/s/_____
                                                         Donna F. Martinez
                                                         United States Magistrate Judge